```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

_____

| | |
|---|---|
| **MELANDY LEWIS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    No. 10-2257-A/P |
| | ) |
| **UNITED PARCEL SERVICE, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

_____

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**
_____

Before the court by order of reference is defendant United Parcel Service, Inc.'s ("UPS") Motion to Dismiss, filed February 4, 2011. (D.E. 36.) The court hereby submits the following proposed findings of fact and conclusions of law, and recommends that the Motion to Dismiss be granted and that the case be dismissed with prejudice.

### I.  PROPOSED FINDINGS OF FACT

Plaintiff filed her complaint on October 16, 2009, in the Circuit Court for Pulaski County, Arkansas. (D.E. 2.) UPS removed the case to the United States District Court for the Eastern District of Arkansas on November 24, 2009, (D.E. 1), and then moved to transfer the case to this district, where plaintiff Melandy Lewis currently resides and where she was employed by UPS. (D.E. 7-8.) UPS's motion to transfer was granted on February 18, 2010. (D.E. 21.) At the time, Lewis was represented by attorneys Luther

Oneal Sutter and Andrew Clarke.

The court entered a scheduling order on May 24, 2010, ordering that discovery be completed by January 27, 2011, and that dispositive motions be filed by February 25, 2011. (D.E. 25.) Trial is currently set for May 23, 2011. (D.E. 30.)

During discovery, UPS contacted counsel for Lewis on numerous occasions between August and November 2010, asking for dates on which Lewis would be available for her deposition. Lewis's counsel was unable to provide a response, and therefore UPS was unable to depose Lewis.

On November 30, 2010, Lewis's attorneys both filed motions to withdraw based on their inability to communicate with Lewis and her failure to respond to correspondence they had sent to her. (D.E. 31-32.) The motions to withdraw were referred to the magistrate judge for determination. (D.E. 33.) On December 17, 2010, the court granted the motions to withdraw, stating that "based on [her attorneys'] statement[s] that Lewis has ceased communications with her attorney, Lewis shall notify the court in writing within thirty days from the date of this order whether she intends to pursue her claims, and if so, whether she intends to retain new counsel or represent herself *pro se*. Plaintiff is warned that failure to comply with this order may result in a recommendation to the District Judge that her case be dismissed with prejudice for failure to prosecute." (D.E. 34-35.)

Lewis did not file a response as ordered by the court, and did not give any indication to UPS whether she intended to prosecute her case. As a result, on February 2, 2011, UPS filed a Motion to Dismiss, seeking an order dismissing the case with prejudice for failure to prosecute. (D.E. 36.) According to the Certificate of Service, Lewis was served with the motion on February 4, 2011.

Lewis did not respond to the Motion to Dismiss. On March 8, 2011, the court entered an Order to Show Cause, directing Lewis to notify the court in writing within eleven days whether she intended to pursue her claims, and if so, whether she intended to retain new counsel or represent herself *pro se*. (D.E. 38.) The court again warned her that "failure to respond to this show cause order shall result in a recommendation to the district judge that her complaint be dismissed with prejudice for failure to prosecute." The court directed the Clerk of Court to send the show cause order to Lewis at her address of record via U.S. Postal Service Certified Mail. On March 23, 2011, the court received a postal certification, signed by "Melandy Lewis" on March 18, 2011, at her address of record confirming that she received the show cause order. (D.E. 39.) However, despite receiving the show cause order, to date Lewis has not responded to the order or filed a response to UPS's Motion to Dismiss.

## II.  PROPOSED CONCLUSIONS OF LAW

Rule 41(b) provides for dismissal of actions "[f]or failure of

the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any other order of the court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The United States Supreme Court has recognized that

> [n]either the permissive language of the Rule – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to

-4-

prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001).  Prior notice to the party that his or her failure to cooperate may result in dismissal is important to support the sanction.  Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, Lewis has failed to comply with the court's orders directing her to notify the court regarding the status of her case and her legal representation, which demonstrates her willfulness in refusing to prosecute her case. She failed to communicate with her attorneys, failed to respond to the court's order directing her to notify the court whether she intended to proceed with her case, failed to respond to the Motion to Dismiss, and failed to respond to the show cause order. Clearly, the necessity of monitoring a case that the plaintiff has dilatorily permitted to languish works a hardship on the defendant. Moreover, due to Lewis's failure to communicate with UPS's counsel and the court, UPS has been unable to conduct discovery, depose the plaintiff, and otherwise defend itself against Lewis's allegations.

Lewis was warned twice that her case could be dismissed if she failed to comply with the orders, and under the circumstances, the court submits that no sanction short of dismissal will cure Lewis's failure to prosecute this matter.  Therefore, the court recommends that plaintiff's complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  See Ortega v. Comm'r of Social Security, No. 00-6094, 2001 WL 266884, at *1 (2d Cir. Mar. 19, 2001); Von Sutton v. Barnhart, No. 1:05cv1109, 2006 WL 2792410, at *1 (E.D. Ca. Sept. 27, 2006); Camacho v. Comm'r of Social Security, No. 04 Civ. 6686, 2006 WL 278399, at *1 (S.D.N.Y. Feb. 1, 2006).

### III.  CONCLUSION

For the reasons above, it is recommended that UPS's Motion to Dismiss be granted and that the case be dismissed with prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 1, 2011
Date

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**